fendant's home tends strongly to show that the parties understood that the flooring was to be manufactured, and therefore delivered, at the new mill. In view of the irreconcilable conflict in the testimony, and of the necessity of invoking presumptions and deductions to interpret a written contract which should have been specific in its terms, we think plaintiff has not established his right to a specifie performance thereof, and that he should, as a condition precedent to such right, have tendered to defendant the flooring at the site of the new mill; and, such being the case, it follows that the decree is reversed, and the suit dismissed.

REVERSED.

Argued 15 February; decided 27 March, 1899.
### LORD *v.* HAMILTON.
[56 Pac. 525.]

LIABILITY OF ATTORNEY.—An attorney is not liable for negligence in not suing a certain person on a certain claim where the client, with full knowledge of the facts, directed him to sue another person on such claim.

From Douglas : H. K. HANNA, Judge.

Action by W. P. Lord and others, State Board of School Land Commissioners, against J. W. Hamilton. There was a judgment for defendant, and plaintiffs appeal.

AFFIRMED.

For appellants there was a brief over the name of *Cicero M. Idleman,* former Attorney-General, with an oral argument by *Mr. D. R. N. Blackburn,* present Attorney-General.

For respondent there was a brief over the name of *J. W. Hamilton, in pro. per.,* with an oral argument by *Mr. J. C. Fullerton.*

MR. JUSTICE BEAN delivered the opinion.

This is an action to recover damages for the alleged negligence of defendant in not prosecuting an action against Marks & Co., to recover on an alleged cause of action against them in favor of the plantiff. The complaint alleges, in substance, that in February, 1884, one Joseph Roberts, at the request and for the benefit of Marks & Co., applied to and obtained from the plaintiff a loan of $2,000 from the irreducible school fund, giving as security therefor a mortgage upon certain real estate in Douglas County, upon which Marks & Co. held a mortgage for $28,000, but which, it was understood and agreed, should be cancelled of record before the money should be paid over; that thereafter a member of the firm of Marks & Co. falsely and fraudulently represented to the plaintiff's agent that such mortgage had been cancelled, and, relying upon such statement, took and accepted the note and mortgage from Roberts, and paid over to Marks & Co. the sum of money referred to; that Roberts was at the time, and ever since has been, and is now, insolvent, and wholly unable to pay such loan, or any part thereof; that the mortgage security given therefor was worthless, and of no value, because of said prior mortgage; that in February, 1888, the plaintiff retained and employed the defendant to sue for and collect the $2,000 loaned upon the note and mortgage of Roberts; that in pursuance of such employment he commenced and prosecuted a foreclosure suit to final decree, but, although having full knowledge of all the facts in reference to such loan, and that it was made for the use and benefit of Marks & Co., and that they had fraudulently received and used the money, he failed and neglected to bring an action against them therefor; that in case he had commenced such action, and prosecuted the same

with due diligence and skill, the plaintiff would have recovered the money so loaned; that by reason of his negligence, delay, and want of skill, the plaintiff's claim against Marks & Co., had become barred by the statute of limitations, and the money wholly lost.

The answer denies the material allegations of the complaint, except as to the defendant's employment to foreclose the Roberts mortgage, and for a further and separate defense, after setting out the foreclosure proceedings and decree as stated in the complaint, alleges that the money was lost to the plaintiff through the negligence and unskillfulness of Judge Willis, who was its attorney at the time the loan was made, and who examined the title of the land offered by Roberts as security therefor, and certified that it was free from all liens and incumbrances, except a mortgage in favor of the plaintiff for $600; that, relying upon such certificate, plaintiff loaned and paid over the $2,000 to Roberts, and accepted his note and mortgage therefor; that Willis' certificate was false, in that, at the time it was made and the money paid over, there was a valid, subsisting mortgage of record, upon the land referred to therein, in favor of Balfour, Guthrie & Co., for the sum of $28,000; that by reason thereof the plaintiff was prevented from realizing any greater amount upon the decree of foreclosure than $200; that thereafter the plaintiff, believing that Judge Willis was liable to it for such loss, directed the defendant to bring an action against him for negligence, which was subsequently prosecuted to judgment; that by foreclosure of the Roberts mortgage, and the prosecution of such action against Willis, defendant performed all the duties enjoined on him by his employment; and that, when such judgment was rendered against Willis, he was discharged from any further service in such matters. The reply put in issue the material allegations of

the answer, and a trial was had before a jury, which resulted in a nonsuit upon motion of the defendant, made at the close of plaintiff's testimony, based upon the grounds (1) that the evidence failed to show a cause of action in favor of the plaintiff and against Marks & Co.; and (2) that there was no evidence tending to show that the defendant was ever employed or authorized to commence any action against them.

Conceding, for the purposes of this case, that the evidence as given by the plaintiff on the trial in the court below tended to show that it had a cause of action against Marks & Co. for the recovery of the money loaned upon the note and mortgage of Roberts, it is very clear that the defendant was never employed or authorized to bring an action thereon. The evidence shows that in 1887 or 1888 he was appointed the attorney and local agent for the plaintiff in Douglas County; that his duty was to examine the title of lands offered as security for loans, and to certify to the same, and to foreclose such mortgages, and bring suits, actions, or proceedings, as the board might direct; that in 1889, under the directions of the plaintiff, he foreclosed the Roberts mortgage, and had the property sold; that after such foreclosure he informed the plaintiff of all the facts within his knowledge in reference to the matter, including the claim that the loan was made in fact for the benefit of Marks & Co.; and that it was through their false and fraudulent representations the money was paid over. After being so informed by the defendant, the plaintiff notified him that it relied upon the certificate of Judge Willis in making the loan, and instructed him to begin an action against Willis to recover the loss occasioned by his false certificate of title. And the evidence shows conclusively that the defendant never was employed or directed by the plaintiff to institute or bring any suit or action what-

ever against Marks & Co.; but, on the contrary, after he had made the members of the board acquainted with all the facts in his knowledge, in reference to the. transaction, he was instructed to bring the action against Willis, and the foreclosure of the Roberts. mortgage, and the bringing of such action, were the only services defendant was employed or authorized to perform for the plaintiff in connection with the transaction referred to in the pleadings.  This being so, it is manifest that it has no cause of action against him for failing to bring or prosecute an action against Marks & Co., which he was neither authorized nor empowered to bring.  Judgment must be affirmed, and it is so ordered.

                                                    Affirmed.


Decided 20 March; rehearing denied 22 May, 1899.